Xiaorong WU; Ning Li, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72328.

Agency Nos. A75–679–180, A75–679–181.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Sept. 12, 2005.*

Decided Sept. 26, 2005.

William Kiang, San Gabriel, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM**

Xiaorong Wu, the lead petitioner, and her husband Ning Li, natives and citizens of the People's Republic of China, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of their application for withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Wang v. INS,* 352 F.3d 1250, 1253 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the adverse credibility determination because Wu's testimony contained inconsistencies that went to the heart of her claim regarding whether she was forced to have an abortion in China, and whether she was persecuted in the past on account of her Falun Gong practice. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003) (finding incredible that the applicant would fail to remember a dramatic incident and thus omit it from his asylum application); *de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997) (where discrepancies that are central to the claim are present and no satisfactory explanation has been provided, an adverse credibility finding is supported by the record). Accordingly, the record does not compel the conclusion that the petitioners are eligible for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issu-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ance of the mandate. *See Desta v. Ash-croft,* 365 F.3d 741 (9th Cir.2004).

## PETITION FOR REVIEW DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.